ERIC D. HOUSER (SBN 130079)
GABRIEL OZEL (SBN 269098)
HOUSER & ALLISON, APC
Carlsbad Pacific Center 1
701 Palomar Airport Road, Suite 200
Carlsbad, California 92011
Telephone: (760) 603-9664
Facsimile: (760) 603-9668
E-Mail: gozel@houser-law.com

Attorneys for Defendant, Ocwen Loan Servicing, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

SANDRA TURNER and KIM TURNER,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, and DOES 1 to 10, Inclusive,

Defendant(s).

Case No. 3:14-cv-00659-L-DHB

Hon. M. James Lorenz

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**[F.R.C.P. 12(b)(6)]**

DATE: June 16, 2014
TIME: No Oral Argument Pursuant to Local Rule
COURTROOM: 5B

**TABLE OF CONTENTS**

I. INTRODUCTION …………………………………………………………1

II. SUMMARY OF FACTS …………………………………………………...2

III. LEGAL STANDARD ……………………………………………………...3

IV. ARGUMENT ………………………………………………………………4

A. Plaintiffs' Claim for Violation Real Estate Settlement Procedures Act ("RESPA") Fails …………………………………………………………...4

1. The RESPA Claim is Insufficiently Plead ………………………………4

2. Plaintiffs' RESPA Claim Fails Because They Did Not Properly Plead Damages ……………………………………………………………………6

B. Plaintiffs' Claim for Violation of Civil Code § 1788.17 Fails as a Matter of Law ………………………………………………………………………………8

1. Non-Judicial Foreclosures are not Debt Collection ……………………..8

2. Plaintiffs Fail to Plead How Ocwen is a "Debt Collector" …………….10

C. Plaintiffs' Claim for Conversion Fails Against Ocwen …………………12

D. Plaintiffs' Business and Professions Code § 17200 Violation Claim Fails ……………………………………………………………………………..14

1. Plaintiffs Fail to Allege That Ocwen's Acts Were Unlawful ………….14

2. Plaintiffs Fail to Allege that Ocwen's Acts were Unfair ……………....16

3. Plaintiffs Fail to Allege that Ocwen's Acts Were Fraudulent or Deceptive ………………………………………………………………………..17

V. CONCLUSION …………………………………………………………18

# TABLE OF AUTHORITIES

## Cases

*Altman v. PNC Mortgage*, 850 F. Supp.2d 1057, 1071 (E.D. Cal. 2012) ................ 9

*Ananda Church of Self-Realization v. Massachusetts Bay Ins. Co.* (2002) 95 Cal. App. 4th 1273, 1282.) ................ 13

*Ballistreri* v. *Pacifica Police Dep't*, 90IF.2d 696, 699 (9th Cir. 1990) ................ 4

*Beliveau* v. *Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995). ................ 4

*Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007.) ................ 4

*Blakemore v. Superior Court*, 129 Cal.App.4th 36, 48 (2005) ................ 17

*Burlesci v. Petersen* (1998) 68 Cal.App.4th 1062, 1066 ................ 12

*Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal.App.4th 1134, 1147 (2003) ...... 18

*Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1126 (C.D. Cal. 2012) ................ 11

*Cel-Tech Communications, Inc.*, 20 Cal.4th 163 at 180 ................ 15

*Connors v. Home Loan Corp.*, 2009 WL 1615989, at *5 (S.D.Cal. June 9, 2009) 11

*Das v. WMC Mortg. Corp.*, 831 F.Supp.2d 1147, 1163 (N.D. Cal. 2011) ................ 7

*Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 838 (2006) ................ 16

*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 610–611 ................ 13

*Diaz v. Kubler Corp.*, S.D. Cal. 2013, 2013 WL 6038344 ....................................9

*Fremont Indemnity Co. v. Fremont Gen. Corp.* (2007) 148 Cal.App.4th 97, 119..12

*Gallegos v. Recontrust Co.* 2009 WL 215406 (S.D.Cal. 2009) ...............................9

*Garcia v. Wachovia Mortg. Corp*, 676 F.Supp.2d 895, 909 (C.D. Cal. 2009) .........7

*Gilmore v. American Mortgage Network, Inc.*, 2012 U.S. Dist. LEXIS 176194, 2012 U.S. Dist. LEXIS 176194, at *18-19 (C.D. Cal. Dec. 10, 2012)..................5

*Igauye v.* Howard (1952) 114 Cal.App.2d 122, 126 ............................................12

*Ingels v. Westwood One Broad-Casting Services, Inc.*, 129 Cal.App.4th 1050, 1060 (2005) .........................................................................................................15

*Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp.2d 1369, 1377 (M.D. Ga. 2011)...........................................................................................................7

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009.).................................15

*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).................15

*Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d 1218, 1224 (E.D.Cal.2010)...............11

*Lettenmaier v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3476648, at *12 (D.Or. Aug. 8, 2012)..........................................................................................6

*Mansour v. Cal–Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D.Ariz.2009) ..............................................................................................11

*McCann v. Lucky Money, Inc.*, 129 Cal.App.4th 1382, 1387 (2005)......................16

*McKell v. Washington Mut., Inc.*, (2006) 142 Cal.App.4th 1457, 1468,1492 ...13,14

*McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360 (S.D. Fla. 2009) aff'd, 398 F. App'x 467, 471 (11th Cir. 2010) ........................................................ 7

*Messerall v. Fulwider* (1988) 199 Cal.App.3d 1324, 1329.................................. 12

*Moore v. Regents of University of* California (1990) 51 Cal.3d 120, 136, 271 ...... 13

*People ex rel. Renne v. Servantes*, 86 Cal.App.4th 1081, 1095 (2001) ................. 15

*Sarsfield v. Citimortgage, Inc.*, 667 F.Supp.2d 461, 465-466 (M.D.Penn. 2009) .... 7

*Williams v. Wells Fargo Bank, N.A.*, 2012 WL 72727, at *7 (W.D.Wash. Jan. 10, 2012).................................................................................................. 6

**Statutes**

Business & Professions Code § 17200 ……………………………………..1,3,14

12 U.S.C. § 2605(e) ............................................................................... 5,8

12 U.S.C. § 2605(e)(1)(B) ...................................................................... 5,6

12 U.S.C. § 2605(f)(1)............................................................................... 7

12 U.S.C. §§ 2601.................................................................................. 1,3

15 U.S.C. § 1692....................................................................................... 1

15 U.S.C. § 1692(a)(6) ............................................................................ 10

15 U.S.C. § 1692a(4) .............................................................................. 10

Cal. Civ. Code § 1788.2(c) ...................................................................... 10

Cal. Civ.Code, § 1788.1(b)........................................................................ 9

Cal. Civ.Code § 1788.17 ........................................................................... 1

Cal. Civ.Code § 2923.5 .......... 9

Cal. Civ.Code § 2924 .......... 9

Fed. R. Civ. P. 12(b)(6) .......... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit is an improper attempt to strong arm Ocwen into turning over funds it is entitled to. However, each claim in the Complaint either fails as a matter of law or does not allege facts sufficient to state a claim upon which relief can be granted against Ocwen.

Plaintiffs claim they entered into a forbearance agreement with the prior servicer of the loan to avoid foreclosure. When the loan was service transferred to Ocwen, Plaintiffs contend that their payments under the forbearance agreement were not accounted for. Now, Plaintiffs bring this Complaint asserting claims for violation Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §§ 2601, et seq.), violation of Civil Code § 1788.17 (by violating 15 U.S.C. § 1692, conversion, and violation of Business and Professions Code § 17200, et seq.

Plaintiffs' claim for RESPA fails because it is insufficiently plead. The Complaint contains merely vague, bare-boned allegations that Ocwen violated RESPA by not providing Plaintiffs with all the information requested in their two alleged Qualified Written Requests ("QWR"). Further, Plaintiffs did not plead facts sufficient to show that their damages are linked to Ocwen's actions.

Plaintiffs' claim for violation of Civil Code § 1788.17 fails as a matter of law because foreclosure activities are non-judicial foreclosures are exempt from the FDCPA and Plaintiffs fail to allege how Ocwen is a "debt collector."

Finally, Plaintiffs' claim for violation of Section 17200 fails because the Complaint fails to establish any underlying claim that could give rise to Ocwen's liability. For these reasons, Ocwen respectfully requests this Court grant its Motion to Dismiss with prejudice.

## II. SUMMARY OF FACTS

On or about April 14, 2003, Kim W. Turner and Sandra M. Turner ("Plaintiffs") obtained a mortgage loan from Option One Mortgage Corporation ("Option One") and executed a written promissory note in the amount of $250,000.00, secured by a deed of trust ("Deed of Trust") on the property located at 4617 Del Monte Ave, San Diego, CA 92107-3510 (the "Property"). (Request for Judicial Notice ("RJN"), Exhibit ("Ex.") 1.)

Plaintiffs then obtained another loan on November 1, 2004, and executed a Long Form Deed of Trust and Assignment of Rents for Home Equity Revolving Line of Credit ("HELOC") on the Property. (RJN, Ex. 2.) Plaintiffs thereafter defaulted on the loan, causing a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") to be recorded. (RJN, Ex. 3.) At the time the Notice of Default was recorded, Plaintiffs were $112,915.85 in default. (*Id*.)

Plaintiffs claim that they entered into a forbearance agreement with the prior servicer of the loan, Homeward Residential Holdings Inc. ("Homeward"). (Complaint, ¶¶ 12-13.) Plaintiffs assert that pursuant to the forbearance agreement between Plaintiffs and Homeward, Plaintiffs were to make a down payment in the

amount of $3,500.00 and monthly payments of $2,265.45. (Complaint, ¶ 13-14.) Plaintiffs allege that the payments made were not credited to their forbearance agreement. (Complaint, ¶¶ 18, 35.) In or about February 2013, the loan was service transferred to Ocwen Loan Servicing, LLC ("Ocwen"). (Complaint, ¶ 15.)

Thereafter, Plaintiffs executed an Adjustable Home Equity Conversion Deed of Trust and an Adjustable Home Equity Conversion Second Deed of Trust (collectively, "HELOC") in exchange for a loan in the amount of $855,000.00. (Complaint, ¶ 34, RJN, Ex. 4, 5.) Because of Plaintiffs' decision to enter into the HELOC, Plaintiffs paid off the loan Ocwen serviced. (Complaint, ¶¶ 34-35, 61.)

Now, Plaintiffs bring this case against Ocwen alleging deficient claims for Violation Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §§ 2601, et seq.), Violation of Civil Code § 1788.17 (by violating 15 U.S.C. § 1692, Conversion, and Violation of Business and Professions Code § 17200, et seq based on the purported unaccounted forbearance payments. However, each claim listed in the Complaint should be dismissed for reasons stated below.

## III. <u>LEGAL STANDARD</u>

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

> Every defense, in law or fact, to a claim for relief in. any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be 'made by motion...
>
> (6) failure to state a claim upon which relief can be granted,... A motion making any of these defenses shall be made before

pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *Beliveau* v. *Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995). Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. *Ballistreri* v. *Pacifica Police Dep't*, 90IF.2d 696, 699 (9th Cir. 1990). A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007.) Based on the arguments more fully explained below, Plaintiffs' Complaint does not allege facts sufficient to state a claim upon which relief can be granted against Ocwen.

## IV. ARGUMENT

### A. Plaintiffs' Claim for Violation Real Estate Settlement Procedures Act ("RESPA") Fails

#### 1. The RESPA Claim is Insufficiently Plead

Plaintiffs' claim for violation of RESPA fails because it is insufficiently plead.

Section 2605(e)(2) of RESPA provides, in pertinent part, that upon receipt of a qualified written request from a borrower for information relating to the servicing of the loan, the servicer shall provide the borrower with the information

requested or an explanation of why that information is unavailable. 12 U.S.C. § 2605(e). A qualified written request ("QWR") is a "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Bare-boned allegations are insufficient to state a claim for relief under RESPA. *Gilmore v. American Mortgage Network*, *Inc.*, 2012 U.S. Dist. LEXIS 176194, 2012 U.S. Dist. LEXIS 176194, at *18-19 (C.D. Cal. Dec. 10, 2012) ("Without identifying when a purported request was made, what actual damages he suffered, or that the purported QWR satisfied the requirements of *12 U.S.C. § 2605(e)(1)(B)*, plaintiff's allegations are insufficient to state a claim.").

Here, Plaintiffs allege Ocwen violated RESPA by not providing Plaintiffs with "all the servicing information" they requested. (Complaint, ¶¶ 24-33, 40-41.) In their Complaint, Plaintiffs state that Ocwen did respond to Plaintiffs' multiple purported QWR's. (Complaint, ¶¶ 27, 31.) Plaintiffs' only grievance is that they did not get the answer they wanted. Plaintiffs state the information provided was incomplete or incorrect without mentioning what information was provided and why it was incorrect. (Complaint, ¶¶ 28-29-32-33.) Assuming Plaintiffs'

assertions are true, Plaintiffs did not properly allege that their purported requests identified the loan, or the specific information sought. Plaintiffs allege in conclusory fashion that they sent Ocwen QWR's on separate occasions disputing the amounts reflected in billing statements and the Notice of Default. (Complaint, ¶¶ 24-25, 30.)

Essentially, Plaintiffs did not plead facts demonstrating that the letters sent on August 16, 2013, and October 21, 2013, satisfied 12 U.S.C. section 2605(e)(1)(B). Notably, Plaintiffs did not attach their purported August 16, 2013, and October 21, 2013, QWR's to the Complaint, or fully set forth its contents. Other courts have dismissed RESPA claims where, as here, "[t]he Amended Complaint does not attach the QWR or otherwise allege its date, its contents or subject matter, or any other pertinent information...." *Williams v. Wells Fargo Bank, N.A.*, 2012 WL 72727, at *7 (W.D.Wash. Jan. 10, 2012); *see also Lettenmaier v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3476648, at *12 (D.Or. Aug. 8, 2012) (failure to attach the alleged QWR to the complaint is a sufficient basis for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)).

**2. Plaintiffs' RESPA Claim Fails Because They Did Not Properly Plead Damages**

Plaintiffs' claims under 12 U.S.C. § 2605(e) should also be dismissed because they fail to properly plead damages.

The only recoverable damages authorized by 12 U.S.C. § 2605(f)(1) of RESPA are statutory and actual damages. Allegations of wrongdoing under RESPA without stating any actual damages or specific facts in a complaint or answer are not enough to establish a claim. *See Sarsfield v. Citimortgage, Inc.*, 667 F.Supp.2d 461, 465-466 (M.D.Penn. 2009); *Das v. WMC Mortg. Corp.*, 831 F.Supp.2d 1147, 1163 (N.D. Cal. 2011)(holding claimant failed to adequately allege a RESPA violation where they only provided "scant information").

A party must state specific facts to establish a causal link between the financing institution's actions and the claimant's injuries. *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360 (S.D. Fla. 2009) aff'd, 398 F. App'x 467, 471 (11th Cir. 2010); *See also Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp.2d 1369, 1377 (M.D. Ga. 2011) (dismissing RESPA claim where Plaintiff failed to establish a link between his claim for damages and violation of RESPA). A party cannot make conclusory statements of law to establish damages. *See Garcia v. Wachovia Mortg. Corp*, 676 F.Supp.2d 895, 909 (C.D. Cal. 2009) (holding that plaintiff alleging "[d]amages may be awarded to the borrower for failure to respond to the RESPA QWR" is a "conclusory statement of law.")

In this case, Plaintiffs conclusory allege they "suffered damages, including, but not limited to, injury in fact and monetary damages" as a result of Ocwen's failure to properly respond to the QWR's. (Complaint, ¶¶ 36, 45.) Plaintiffs further allege that had Ocwen "investigated Plaintiffs' assertions in the QWR,"

Ocwen would have discovered that the payments were not credited to their loan." Complaint, ¶ 43.) As a result, Plaintiffs claim they are entitled to damages because Ocwen "exhibit a pattern or practice of non compliance with RESPA, 12 U.S.C. §§ 2605(e), *et seq*." (Complaint, ¶ 44.) However, these are mere legal conclusions unsupported by any facts.

Further, there is no causal link between Ocwen's purported failure to credit the two forbearance payments and Plaintiffs' decision to obtain another loan – at $855,000 in order to pay off the loan serviced by Ocwen. (*See* Complaint, ¶¶ 34-35, 61; *See also* RJN, Ex. 4, 5.) Thus, Plaintiffs fail to state sufficient facts to allege a claim under RESPA.

**B. Plaintiffs' Claim for Violation of Civil Code § 1788.17 Fails as a Matter of Law**

**1. Non-Judicial Foreclosures are not Debt Collection**

This claim fails as a matter of law because non-judicial foreclosures are exempt from the Federal and Rosenthal Fair Debt Collection Practices Acts ("FDCPA" and "RFDCPA" respectively).

The purpose of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") is "to prohibit debt collectors from engaging in unfair or deceptive practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ.Code, § 1788.1(b). "The Rosenthal Act is California's version of the [federal] Fair Debt Collection

Practices Act ("FDCPA"), which mimics or incorporates by reference the FDCPA's requirements . . . ." *Diaz v. Kubler Corp.*, S.D. Cal. 2013, 2013 WL 6038344. In California, foreclosure activities are not considered debt collection, and thus, are exempt from the RFDCPA and the FDCPA. *Altman v. PNC Mortgage*, 850 F. Supp.2d 1057, 1071 (E.D. Cal. 2012); *See, e.g, Gallegos v. Recontrust Co.* 2009 WL 215406 (S.D.Cal. 2009). Moreover, under California law, it is "not tortuous for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." *Id*. at 1073.

Plaintiffs allege that the Notice of Default did not satisfy the non-judicial requirements pursuant to Civil Code § 2923.5. (Complaint, ¶ 51.) Plaintiffs further allege that Ocwen violated Civil Code § 2924, *et seq*. when a letter was sent to Plaintiffs informing them that a foreclosure sale was scheduled. (Complaint, ¶¶ 53-55.) On this basis, Plaintiffs claim Ocwen violated the RFDCPA because the "deceptive letters posing as legal documents (the Notice of Default and Notice of Sale) provided Plaintiffs with the false impression that" Ocwen was proceeding with non-judicial foreclosure of the Property. (Complaint, ¶ 55.)

Any foreclosure related activities taken by Ocwen are not considered a debt collection within the meaning of the RFDCPA or the FDCPA. Accordingly, Plaintiffs' claim fails as a matter of law.

**2. Plaintiffs Fail to Plead How Ocwen is a “Debt Collector”**

Plaintiffs fail to allege how Ocwen is a “debt collector” under the RFDCPA or FDCPA.

The RFDCPA defines “debt collector” as “any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.” Cal. Civ. Code § 1788.2(c).

The FDCPA defines a debt collector as “(1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or (2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.” 15 U.S.C. § 1692(a)(6). The FDCPA distinguishes a “debt collector” from a “creditor” who is “any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.” 15 U.S.C. § 1692a(4).

It well settled law that mortgagees and their beneficiaries, including mortgage servicing companies and trustee fiduciaries, are not “debt collectors” subject to the FDCPA or the RFDCPA, “**so long as the debt was not in default at the time it was assigned.**” *Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1126 (C.D. Cal. 2012) (emphasis added); *See Lal v. Am. Home Serv.*,

*Inc.*, 680 F.Supp.2d 1218, 1224 (E.D.Cal.2010); *Connors v. Home Loan Corp.*, 2009 WL 1615989, at *5 (S.D.Cal. June 9, 2009) ("A mortgage servicing company is not a debt collector within the meaning of the FDCPA"); *Mansour v. Cal–Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D.Ariz.2009) ("[M]ortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.' ").

Plaintiffs allege Ocwen violated Civil Code section 1788.17 and, as a result, are in violation of 15 U.S.C. Section 1692. (Complaint, ¶ 56.) Plaintiffs make these claims because they believe Ocwen falsely stated the amount owed and used deceptive means to collect or attempt to collect any debt. (Complaint, ¶ 56.) Plaintiffs further state that all payments were made pursuant to the January 2013, forbearance agreement and, as a result, were current. (Complaint, ¶¶ 13, 19, 50.) Plaintiffs also acknowledge that the loan was service transferred to Ocwen in or about February 2013, after the Plaintiffs allegedly made these payments. (Complaint, ¶ 15.)

Thus, to state a claim against Ocwen, Plaintiff must plead that they were in default at the time the loan was service transferred to Ocwen. Plaintiffs, however, allege the contrary. (*See* Complaint, ¶ 19.) Plaintiffs' own allegations defeat any claim they may bring under the FDCPA or RFDCPA. Accordingly, Plaintiffs' claim for violation FDCPA or RFDCPA fail and should be dismissed.

**C. Plaintiffs' Claim for Conversion Fails Against Ocwen**

Plaintiffs' claim against Ocwen for conversion fails because they do not allege a wrongful act over their personal property.

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein," which includes assuming "control or ownership over the property," or applying the property to one's own use. *Messerall v. Fulwider* (1988) 199 Cal.App.3d 1324, 1329 (citing *Igauye v.* Howard (1952) 114 Cal.App.2d 122, 126.) The basic elements of a conversion claim are (1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages. *Fremont Indemnity Co. v. Fremont Gen. Corp.* (2007) 148 Cal.App.4th 97, 119 (citing *Burlesci v. Petersen* (1998) 68 Cal.App.4th 1062, 1066.)

"To establish a conversion, plaintiff must establish an actual interference with his *ownership or right of possession.* ... Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." (*Moore v. Regents of University of* California (1990) 51 Cal.3d 120, 136, 271 quoting *Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 610–611, italics added by *Moore.*) (see also *Ananda Church of Self-Realization v. Massachusetts Bay Ins. Co.* (2002) 95 Cal. App. 4th 1273, 1282.) Money cannot be the subject of a claim for

conversion unless there is a specific, identifiable sum involved, "such as where an agent accepts a sum of money to be paid to another and fails to make the payment." *McKell v. Washington Mut., Inc.*, (2006) 142 Cal.App.4th 1457, 1492 ("Plaintiffs cite no authority for the proposition that a cause of action for conversion may be based on an overcharge.")

Here, Plaintiffs do not allege any actual interference with their ownership or right of possession of their personal property. Instead, Plaintiffs assert that Ocwen did not have the right to accept a full payoff and not repay the "uncredited funds to Plaintiffs." (Complaint, ¶ 62.) Plaintiffs' claim is premised on money paid pursuant to a forbearance agreement. Namely, Plaintiffs allege that the claim Ocwen converted "$5,765.45, plus late fees in the amount of $102.33." (Complaint, ¶ 63.) Although Plaintiffs state a specific sum subject to the conversion claim, Plaintiffs do not allege that Ocwen's role was as an agent, and that Ocwen accepted the $5,765.45 but failed to make the payment to another as required. (*See generally* Complaint.) This claim also fails because a claim for conversion cannot be based a demand for a refund.

In *McKell*, the plaintiffs brought an action against their lender alleging conversion for overcharges on services in connection with their loan. *McKell v. Washington Mut., Inc.*, 142 Cal.App.4th at 1468. The plaintiffs claimed that the lender, Washington Mutual, were liable for conversion for "refusing to return the money it overcharged plaintiffs." *Id*. The *McKell* court stated that the plaintiffs

failed to demonstrate a cause of action for conversion because plaintiffs cited "no authority for the proposition that a cause of action for conversion may be based on an overcharge." *Id*. at 1492. The facts of this case are analogous to *McKell*. Plaintiffs' conversion claim essentially seeks a return of the purported payments made that were not credited to the loan. (Complaint, ¶¶ 59-63.) Plaintiffs cannot assert a claim for conversion on this basis.

Accordingly, for the reasons stated herein, Plaintiffs' claim for conversion fails.

**D. Plaintiffs' Business and Professions Code § 17200 Violation Claim Fails**

California's UCL, codified at Business & Professions Code § 17200, et seq., prohibits acts that are: 1) fraudulent; 2) unlawful; or 3) unfair. (*Id*.) Each prong of the UCL constitutes a separate and distinct theory of liability. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009.) "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

Plaintiffs' allege that Ocwen's actions constitute fraudulent, unlawful, and unfair business practices. (Complaint, ¶¶ 66-72.) However, Plaintiffs' claim fails.

**1. Plaintiffs Fail to Allege That Ocwen's Acts Were Unlawful**

Plaintiffs fail to allege that Ocwen's alleged acts were unlawful.

An unlawful business practice within the meaning of the UCL is one that is forbidden by law, whether civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. *People ex rel. Renne v. Servantes*, 86 Cal.App.4th 1081, 1095 (2001). By proscribing "any unlawful" business practice, "section 17200 borrows violations of other laws and treats them as unlawful practices" that the unfair competition law makes independently actionable. *Cel-Tech Communications, Inc.*, 20 Cal.4th 163 at 180. In addition, in cases where the allegedly unlawful practice is based on the violation of another, "borrowed" law, the extinguishment of the "borrowed" violation extinguishes the UCL claim. *Ingels v. Westwood One Broad-Casting Services, Inc.*, 129 Cal.App.4th 1050, 1060 (2005).

Plaintiffs fail to allege the illegality of any Ocwen's acts alleged in the Complaint. Plaintiffs simply allege the claim in conclusory fashion. (*See* Complaint, ¶¶ 66-73.) The claim contains bare-boned allegations that Ocwen engaged in " unfair business practices" but Plaintiffs do not allege facts to support the elements of the purported claim. (*Id.*) Plaintiffs' base this claim upon the purported violations of RESPA, FDCPA, and RFDCPA (Complaint, ¶70.) However, those claims have been refused above. Moreover, if Plaintiffs' claim is premised on the payments made on the forbearance agreement, but not returned to Plaintiffs, that contention also fails.

**2. Plaintiffs Fail to Allege that Ocwen's Acts were Unfair**

Plaintiffs fail to allege that Ocwen's actions were unfair.

An act or practice is unfair under the UCL if (a) the consumer injury is substantial, (b) is not outweighed by any countervailing benefits to consumers or to competition, and (c) is not an injury the consumers themselves could reasonably have avoided. *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 838 (2006). Moreover, although broad, the scope of the UCL is not unlimited, and courts may not simply impose their own notions as to what is fair or unfair. *McCann v. Lucky Money, Inc.*, 129 Cal.App.4th 1382, 1387 (2005).

Plaintiffs fail to allege that they suffered a **substantial** injury or an injury that was caused by any specific conduct of Ocwen that can support their § 17200 claim. Plaintiffs' allege that due to Ocwen's inaccurate billing, Plaintiffs' defaulted on their loan because they could not pay the entire amount. (Complaint, ¶ 21.) This is absurd. Pursuant to the judicially noticeable Notice of Default, Plaintiffs were $112,915.85 in default. (*See* RJN, Ex. 3.) The Notice of Default was recorded in or about May 2013, just months after Plaintiffs' were purported making the payments on the forbearance agreement. Thus, it is unlikely that the purported failure to account for $5,765.45 caused Plaintiffs' default in the amount $112,915.85. In addition, Plaintiffs did not demonstrate they their purported injury suffered could have been reasonably avoided. As such, Plaintiffs'

allegations that Ocwen did not properly account for the payments made when demanding a payoff are insufficient to demonstrate that they suffered damages.

**3. Plaintiffs Fail to Allege that Ocwen's Acts Were Fraudulent or Deceptive**

Plaintiffs fail to allege that Ocwen's acts were fraudulent or deceptive, and accordingly, Plaintiffs' section 17200 claim fails and should be dismissed.

Under the UCL, a practice is fraudulent if the members of the public are likely to be deceived by the practice. *Blakemore v. Superior Court*, 129 Cal.App.4th 36, 48 (2005). Accordingly, for Plaintiff to prove that a business practice is "deceptive," the Plaintiff must show that members of the public are likely to be deceived. *Byars v. SCME Mortgage Bankers, Inc.*, 109 Cal.App.4th 1134, 1147 (2003)

Plaintiffs' Complaint contains no facts that Ocwen's acts were fraudulent. Plaintiffs' allegations that Ocwen "misrepresented to Plaintiffs the amounts owed under their loan" and "that non-judicial foreclosure proceedings" were commenced on the Property, without more, is not enough to state a claim under the fraud prong of § 17200. (Complaint, ¶ 71.) Notably, Plaintiffs have not denied that they defaulted on the loan and have admitted that a Notice of Sale was not recorded on the Property. (*See generally* Complaint; Complaint, ¶ 54.) Accordingly, Plaintiffs' claim fails in its entirety to state a claim against Ocwen.

## V. CONCLUSION

For the reasons set forth above, Ocwen respectfully requests that the Plaintiffs' Complaint be dismissed in its entirety with prejudice and for any other relief as this Court deems just and proper.

DATED: March 28, 2014

**HOUSER & ALLISON**
A Professional Corporation

*/s/ Gabriel Ozel*
Gabriel Ozel
Attorneys for Defendant,
Ocwen Loan Servicing, LLC